Manhattan Telecom., Corp. v Coordinated Behavioral Care, Inc. (2023 NY Slip Op 02384)

Manhattan Telecom., Corp. v Coordinated Behavioral Care, Inc.

2023 NY Slip Op 02384

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Index No. 156369/20 Appeal No. 179 Case No. 2022-00401 

[*1]Manhattan Telecommunications, Corporation Doing Business as Mettel, Plaintiff-Appellant,
v
Coordinated Behavioral Care, Inc., Defendant-Respondent. Leo L. Esses, Nonparty-Respondent.

The Law Office of Jonathan David Bachrach, New York (Jonathan David Bachrach of counsel), for appellant.
Ross Katz & Pachnanda PLLC, New York (Alex K. Ross of counsel), for Coordinated Behavioral Care, Inc., respondent.
The Esses Law Group, LLC, New York (Leo L. Esses of counsel), for nonparty respondent pro se.

Appeal from order, Supreme Court, New York County (Kathy J. King, J.), entered December 15, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to reargue and renew its motion to sanction defendant's counsel, unanimously dismissed, without costs.
Plaintiff's appeal from the portion of the order that denied leave to reargue plaintiff's motion for sanctions is dismissed because no appeal lies as of right from an order denying reargument (see CPLR 5701[a][2]; Kitchen v Diakhate, 68 AD3d 570, 570 [1st Dept 2009]).
Furthermore, plaintiff's appeal from the portion of the order that denied leave to renew its motion is dismissed for failure to prepare a proper appellate record. The appellate record, which was plaintiff's responsibility to compile, does not include either the motion for sanctions or the underlying motion to dismiss, on which the motion is partially based. As a result, it is impossible to meaningfully review the denial of the motion for leave to renew, which was premised on Supreme Court's determination that plaintiff did not present new facts in support of its request for renewal but merely rehashed its prior arguments (see CPLR 5526; Quezada v Mensch Mgt. Inc., 89 AD3d 647, 647 [1st Dept 2011]; UBS Sec. LLC v Red Zone LLC, 77 AD3d 575, 579 [1st Dept 2010], lv denied 17 NY3d 706 [2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023